IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2010-CV-232-RPM-___


MANUELA HERNANDEZ-CALDERON

Plaintiff,

CHRISTINA M. COUSIN, individually, and,
U.S. XPRESS, INC.

Defendant.

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED that:

I.    A.    This Stipulation and Order governs the handling of certain documents, records, tangible materials, testimony, responses to discovery and other information produced; served, disclosed or filed, whether voluntarily or through discovery or other proceedings, including; without limitation, all copies, excerpts, and summary (collectively "Material") in connection with this action.

B.    The provisions of this Stipulation and Order shall apply to (1) the Parties to this action, (2) court reporters and Court personnel, and (3) any person who agrees to be bound by the terms of this Stipulation and Order. As used herein, "Person" includes the named Parties and others who have agreed to be bound by this Stipulation and Order. "Parties" is limited to the named Parties in this action.

II.    One who provides, serves, discloses or files any nonpublic Material in connection with this action, and who in good faith believes such Material contains trade secrets or nonpublic

technical, commercial, financial, personal, medical or business information reasonably in need of protection under C.R.C.P. 26(c) ("Designator"), may designate such Material as "Confidential." The Material so designated shall be deemed "Confidential Material" subject to this Protective Order.

III.    Confidential Material shall be subject to the following restrictions:

A.    Confidential Material shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in subparagraph III.B.

B.    Confidential Material may be disclosed solely for the purposes set forth above and only to:

(1)    Counsel of record and any other counsel for the Parties in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action, as well as professional liability insurers and their employees.

(2)    Those principals or employees of each party that each counsel of record, in good faith, requires to provide assistance in the conduct and evaluation of this action.

(3)    The Court and Court personnel.

(4)     Consultants or experts retained solely for this action, as well as treating physicians who may opine concerning plaintiff's injuries and their cause.

(5)     Any person whom the Designator agrees to in writing.

(6)     Persons presently employed or retained by the Designator.

(7)     Former employees of the Designator called as witnesses but only to the extent that such Confidential Material referred to, relates to or reflects events which occurred prior to or during that employment.

C.     All submissions to the Court which incorporate or disclose Confidential Material shall be labeled on the cover page and on the pages on which such Confidential Material appears and filed in a sealed container with the caption of this action and the words "SEALED-SUBJECT TO PROTECTIVE ORDER DATED _____ ," and the following statements: "This contains (description of contents) which incorporate Confidential Material, and is not to be opened nor are its contents to be revealed to anyone other than authorized Court personnel or counsel of record, except by Order of the Court."

D.     The designation of material as Confidential Material shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material to any Person for any reason.

IV.     Each person given access to Confidential Material pursuant to this Stipulation and Order other than counsel of record and others identified in subparagraph IILB.(1) shall be advised that (1) the Confidential Material is being disclosed pursuant to and subject to the terms

of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof; and (2) that the violation of the terms of the Stipulation and Order (by use of the Confidential Material for business purposes or in any other impermissible manner) will constitute contempt of a Court Order, and shall be provided with a copy of this Stipulation and Order. Any Person to be given access to Confidential Material must first read the Stipulation and Order. All those who are specifically retained expert witnesses or those provided with copies of the Confidential Material, must execute the attached agreement to be bound and consent to the jurisdiction of this Court for purposes of enforcement of this Order. If a treating physician is merely shown the Confidential Material but does not receive a copy he or she must be advised as above but need not execute the attached agreement. If Confidential Material is to be disclosed during a deposition, advisement of the existence of the Protective Order and the expectation that he or she be bound by it may be made on the record and under oath rather than in writing.

V.     Confidential Material shall be designated as follows:

A.     In the case of documents, designation shall be made by placing "CONFIDENTIAL" on every page of the document prior to production. Documents may be produced for inspection before being marked CONFIDENTIAL. Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked CONFIDENTIAL after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked CONFIDENTIAL pursuant to this procedure.

B.     In the case of interrogatory answers, designation shall be made by placing the words "CONFIDENTIAL" on each page of any such answer.

C.     In the case of depositions, designation of the portion of the transcript (including exhibits), *which contains Confidential Material,* shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded. In addition, a party or witness may, by letter to all counsel of record, designate in good faith any portion of the deposition testimony as "CONFIDENTIAL" at any time up to 30 days after actual receipt of the transcript of the deposition. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under paragraph III shall remain present while Confidential Material is being used or discussed. The reporter shall bind separate volumes of the transcript and prominently mark each as "NONCONFIDENTIAL," or "CONFIDENTIAL," but shall continuously paginate all material in the same order as testimony was taken at the depositions. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions, without further Court order.

D.     Notwithstanding the obligations to timely designate Confidential Material under the foregoing paragraphs V.A., V.B., and V.C., nothing contained herein shall preclude the Designator from later changing that designation and notifying the other party in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the requesting Party or its Counsel with respect to such information and consistent with the original designation of such information prior to receipt of such notice.

5

VI.     The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential Material, which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

VII.    A.     No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party may at any time, on reasonable notice and after first consulting in good faith with the opposing party, move for relief from the provisions of this Stipulation and Order with respect to specific Material.

        B.     A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

        C.     Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Confidential Material by that Designator.

        D.     In the event a challenge is made, the Designator retains the burden of establishing that the material designated as confidential is in fact confidential, proprietary, or appropriately deserving of protection under C.R.C.P 26(c). The Court shall retain the discretion to impose costs or other sanctions for an unjustified designation or challenge.

VIII.  Certain materials produced in this matter may be subject to copyright protection. If a party produces materials, which it reasonably believes are subject to such protection, it may designate such materials as "Copyrighted."  The parties agree, that any such materials will be treated in the same manner as Confidential Material, with the exception that the materials may be disclosed to third parties.  The materials may not be copied or distributed to anyone unless the procedures for such copying are in accordance with this Stipulation and Order.

IX.  This Stipulation and Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

X.  At the conclusion of this action, including any appeals, all items designated or reflecting Confidential Material or Copyrighted Material and all copies of them, including all copies furnished to persons identified in paragraph III, (except as provided herein with respect to documents reflecting privileged communications or attorney work product) shall be promptly returned by counsel for the receiving Party to counsel for the Designator or, in the alternative, destroyed, with a certificate of destruction to counsel for the Designator. To the extent that privileged communications or attorney work product contain Confidential Material, the receiving Party may, in lieu of returning such items, destroy them and certify in writing to the Designator that such items have been destroyed. Notwithstanding the foregoing, counsel of record may retain any submissions to the Court, privileged communications or attorney work product containing confidential information, subject to the provisions of this Stipulation and Order.  To protect counsel of record from later claims of malpractice or misconduct, the counsel for the Designating Party shall retain copies of all such Designated materials for a period of three (3) years following the certified return or destruction of the materials by the receiving party and,

upon further order of the Court , shall provide them to counsel for the receiving party to assist in the defense of any such claim.

XI.     Each Party, Designator and Person bound by this Order shall be entitled to move for modifications of this Stipulation and Order for good cause on notice to the Parties and any affected Designator. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

XII.     Production or disclosure of Confidential Material under this Stipulation and Order shall not prejudice the right of any Person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

Respectfully submitted,

*s/Mark A. Gould*                                      *s/Richard L. Eddington*

---

Mark A. Gould, Esq.                                    Richard L. Eddington, Esq.
The Law Office of Mark A. Gould, P.C.                  The Law Offices of Ralph A. Cantafio, P.C.
1115 Grant St., Suite 204                              P.O. Box 774567
Denver, CO 80203                                       Steamboat Springs, CO 80477
303-832-2393                                           970-879-4567
303-832-2394                                           rickeddington@aol.com
mark@markgouldlaw.com                                  *Attorneys for Plaintiff, Manuela Hernandez-*
*Attorneys for Plaintiff, Manuela Hernandez-*          *Calderon*
*Calderon*

Dated this 7th day of July, 2010.                      Dated this 7th day of July, 2010.

*s/Bruce A. Menk*

---

Bruce A. Menk, Esq. - #6293
Hall & Evans, L.L.C.
1125 – 17th Street, #600
Denver, Colorado 80202-2052
303-628-3348
303-825-4978 (fax)
menkb@hallevans.com
*Attorneys for Defendants, Christina M. Cousin,*
*Individually, and, U.S. Xpress, Inc.*

*In accordance with C.R.C.P. 121, §1-26(9), a*
Dated this 7th day of July, 2010.                      *printed copy of this document with original*
                                                       *signature is being maintained by the filing*
                                                       *party and will be made available for inspection*
                                                       *by other parties or the Court upon request.*